MATTER OF NEUSCHUL

In Visa Petition Proceedings

A-14642236

*Decided by Board June 14, 1974*

For the purposes of section 202(b)(4) of the Immigration and Nationality Act, as amended, the lawful permanent resident petitioner is considered as having had a residence in Chile at the time of the birth of the beneficiary, his son, in that country in 1948, since Chile had been his only residence for almost 10 years at the time of beneficiary's birth; he had established himself in a business in Chile by 1948; and in 1949 he acquired Chilean citizenship. Accordingly, beneficiary is ineligible for alternate visa chargeability under section 202(b)(4) of the Act and, consequently, cannot qualify for preference classification under section 203(a)(2) of the Act as the petitioner's unmarried son.

ON BEHALF OF PETITIONER:  George K. Rosenberg, Esquire
3600 Wilshire Blvd.
Los Angeles, California 90010

The petitioner, a lawful permanent resident, applied for preference classification for the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated December 13, 1973 the Acting District Director denied the petition on the ground that, as a native of Chile, the beneficiary is a "special immigrant" under section 101(a)(27)(A) of the Act, for whom there is no preference classification available pursuant to the terms of section 201(a). The petitioner appeals from this denial on the ground that the beneficiary qualifies for alternate visa chargeability to the quota of a foreign state in the Eastern Hemisphere, under section 202(b)(4) of the Act, and is thus eligible for preference status. The appeal will be dismissed.

The beneficiary is a citizen of Chile who was born there in 1948 and is presently residing in the United States as a student. The record indicates that the petitioner and his wife, the beneficiary's mother, are natives of Czechoslovakia and Germany, respectively, who fled their homelands prior to World War II in fear of persecution at the hands of the Nazis. They each sought and obtained refuge in Chile, where they met and were married in

1944. The beneficiary was born in 1948, and the following year the petitioner acquired Chilean citizenship.

The question presented on appeal is whether the petitioner had a "residence" in Chile at the time of the beneficiary's birth so as to preclude invocation of the alternate chargeability provision found in section 202(b)(4) of the Act. That section states:

> ... For the purposes of this Act the foreign state to which an immigrant is chargeable shall be determined by birth within such foreign state except that ... (4) an alien born within any foreign state in which neither of his parents was born and *in which neither of his parents had a residence at the time of such alien's birth* may be charged to the foreign state of either parent. (Emphasis supplied.)

Counsel contends that this provision covers the beneficiary's case in that the petitioner's presence in Chile was not voluntary and so he cannot be said to have had a "residence" there at the time of the beneficiary's birth. Counsel maintains that this reasoning is underscored by the fact that the petitioner at all times harbored an intention to emigrate to the United States. We reject this argument and cannot endorse counsel's construction of section 202(b)(4) in this situation.

At the time of the beneficiary's birth in 1948, Chile had been the petitioner's *only* residence for almost ten years. Section 101(a)(33) states: "As used in this Act—The term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. ..." By 1948 the petitioner had established himself in a business in Chile and was apparently reaping the benefits of his long presence there as an integrated member of its society. The roots of resettlement planted during this period culminated in the petitioner's acquisition of Chilean citizenship in 1949.

Accordingly, we cannot find, as counsel urges, that neither of the beneficiary's parents had a "residence" in Chile at the time of his birth, as that term is contemplated by section 202(b)(4). The decision of the Acting District Director was therefore correct, and it will be affirmed. The following order will be entered.

ORDER: The appeal is dismissed.